E-filing

Nicholas J. Bontrager, Esq. (SBN 252114)
Krohn & Moss, Ltd.
5055 Wilshire Blvd, Suite 300
Los Angeles, CA 90036
T: (323) 988-2400; F: (866) 802-0021
nbontrager@consumerlawcenter.com
Attorneys for Plaintiff,




**UNITED STATES DISTRICT COURT NORTHERN DISTRICT OF CALIFORNIA**

**OAKLAND DIVISION**

ADR

GERARDO BOCCARA

Plaintiff,

vs.

BRIDGEPORT FINANCIAL, INC

Defendant.

**Case No.:** C08-03187

WDB

**VERIFIED COMPLAINT AND DEMAND FOR JURY TRIAL**

**(Unlawful Debt Collection Practices)**

**COMPLAINT**

COMES NOW the Plaintiff, GERARDO BOCCARA ("Plaintiff"), by and through his attorneys, KROHN & MOSS, LTD., and for Plaintiff's Complaint against Defendant, BRIDGEPORT FINANCIAL, INC, alleges and affirmatively states as follows:

**INTRODUCTION**

1. The United States Congress has found abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors, and has determined that abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy. Congress wrote the Fair Debt Collection Practices Act, 15 U.S.C. 1692 *et seq.* (hereinafter "FDCPA"), to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to

promote consistent State action to protect consumers against debt collection abuses. (15 U.S.C. 1692(a) – (e)).

2. The California legislature has determined that the banking and credit system and grantors of credit to consumers are dependent upon the collection of just and owing debts and that unfair or deceptive collection practices undermine the public confidence that is essential to the continued functioning of the banking and credit system and sound extensions of credit to consumers. The Legislature has further determined that there is a need to ensure that debt collectors exercise this responsibility with fairness, honesty and due regard for the debtor's rights and that debt collectors must be prohibited from engaging in unfair or deceptive acts or practices. (Cal. Civ. Code §1788.1(a) – (b)).

3. Plaintiff, through Plaintiff's attorneys, brings this action to challenge the actions of BRIDGEPORT FINANCIAL, INC (hereinafter "Defendant") with regard to attempts by Defendant, a debt collector, to unlawfully and abusively collect a debt allegedly owed by Plaintiff, and this conduct caused Plaintiff damages.

4. For the purposes of this Petition, unless otherwise indicated, "Defendant" includes all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers of Defendant named in this caption.

**JURISDICTION AND VENUE**

5. Jurisdiction of this court arises pursuant to 15 U.S.C. 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy" and 28 U.S.C. 1367 grants this court supplemental jurisdiction over the state claims contained therein.

6. Because Defendant maintains a business office and conducts business in the state of California, personal jurisdiction is established.

7. Venue is proper pursuant to 28 U.S.C. 1391(b)(1).

8. Declaratory relief is available pursuant to 28 U.S.C. 2201 and 2202.

**PARTIES**

9. Plaintiff is a natural person who resides in the City of Fremont, County of Alameda, State of California and is obligated or allegedly obligated to pay a debt and is a "consumer" as that term is defined by 15 U.S.C. 1692a(3).

10. Plaintiff is a natural person from whom a debt collector sought to collect a consumer debt which was due and owing or alleged to be due and owing from Plaintiff and is a "debtor" as that term is defined by California Civil Code § 1788.2(h).

11. Plaintiff is informed and believes, and thereon alleges, that Defendant is a national company with a business office in the City of San Leandro, County of Alameda, State of California.

12. Plaintiff is informed and believes, and thereon alleges, that Defendant uses instrumentalities of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

13. Plaintiff is informed and believes, and thereon alleges, that Defendant is not a firm of attorneys or counselors at law and is a company who, in the ordinary course of business, regularly, on behalf of itself or others, engages in debt collection as that term is defined by California Civil Code § 1788.2(b), and is a "debt collector" as that term is defined by California Civil Code § 1788.2(c).

///

///

///

**FACTUAL ALLEGATIONS**

14. Sometime in November of 2005, Plaintiff received medical treatment from San Leandro Hospital.

15. Sometime before April of 2007, Defendant, acting on behalf of San Leandro Hospital, assured Plaintiff he only had to pay one of two outstanding balances for medical treatment he received as the hospital's billing department used wrong billing codes to bill their patients during the time Plaintiff was in the hospital.

16. Sometime in February of 2007, Defendant began placing continuous collection calls to Plaintiff regarding an alleged debt owed.

17. Defendant failed to mail a written letter describing Plaintiff's rights with respect to the alleged debt within 5 days of Defendant's initial contact with Plaintiff.

18. Defendant continued contacting and demanding payment from Plaintiff by placing an excessive amount of phone calls and causing his phone to ring constantly and continuously.

19. Defendant continuously failed to properly identify itself as a debt collector and failed to mention that all information sought would be used for that purpose.

20. Defendant continuously threatened Plaintiff with legal action, including filing a lawsuit.

21. As of yet, no such lawsuit has been filed against Plaintiff.

22. On or about March 25, 2008, Plaintiff sent Defendant a written request for Cease and Desist of all communications with Plaintiff. (See Exhibit A).

23. Defendant threatened Plaintiff's counsel over the phone with contacting the client after Defendant had received Plaintiff's cease and desist letter. (See Exhibit B).

24. Defendant continuously used profane and offensive statements when attempting to collect money from Plaintiff on the telephone.

25. Defendant continuously made collection calls to Plaintiff's colleagues at work regarding the alleged debt after Plaintiff had procured a written request for Defendants to cease all communication at his office. (See Exhibit C).

26. On or about April 1, 2008, Plaintiff retained KROHN & MOSS, LTD., to be his legal representation in the present matter.

27. On April 3, 2008, Plaintiff's attorneys, KROHN & MOSS, LTD., served written notice to Defendant of Plaintiff's retention of legal counsel and provided contact information for said attorneys. (See Exhibit D).

**COUNT I**

**DEFENDANT VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT, (FDCPA), 15 U.S.C. § 1692 et seq.**

28. Plaintiff repeats, reallages and incorporates by reference all of the foregoing paragraphs.

29. Defendant **violated the FDCPA**. Defendant's violations include, but are not limited to the following:

a). Defendant violated the FDCPA § 1692c(a)(3) when Defendant, through its agents and employees, placed collection calls to Plaintiff's work after Plaintiff had requested Defendant not to and informed Defendant that such calls were not allowed.

b). Defendant violated the FDCPA § 1692c(b) when Defendant, through its agents and employees, contacted third parties, Plaintiff's co-workers, regarding the alleged debt.

c). Defendant violated the FDCPA § 1692d(5) when Defendant, through its agents and employees, excessively placed collection calls and caused Plaintiff's phone to ring excessively.

d). Defendant violated the FDCPA § 1692e(5) when Defendant, through its agents and employees, threatened Plaintiff with a lawsuit that was never filed.

e). Defendant violated the FDCPA § 1692e(5) when Defendant, through its agents and employees, threatened Plaintiff's counsel with contacting Plaintiff after receiving notice of Plaintiff's legal representation.

f). Defendant violated the FDCPA § 1692e(11) when Defendant, through its agents and employees, failed to properly identify itself as a debt collector and inform Plaintiff that information sought would be used for such purposes.

30. As a consequence of Defendant's foregoing actions, Plaintiff has suffered from stress, anxiety, humiliation, depression and other symptoms and ailments. (See Exhibit E).

**COUNT II**

**DEFENDANT VIOLATED THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT (RFDCPA), Cal. Civ. Code § 1788 et seq.**

31. Plaintiff repeats, realleges and incorporates by reference all of the foregoing paragraphs.

32. Defendant **violated the RFDCPA**. Defendant's violations include, but are not limited to the following:

a). Defendant violated the RFDCPA § 1788.11(a) when Defendant, through its agents and employees, used profane and abusive language when communicating with Plaintiff.

b). Defendant violated the RFDCPA § 1788.11(b) when Defendant, through its agents and employees, failed to properly identify itself as a debt collector.

c). Defendant violated the RFDCPA § 1788.11(e) when Defendant, through its agents and employees, excessively placed so many calls to Plaintiff as to be unreasonable and to constitute harassment to Plaintiff.

d). Defendant violated the RFDCPA § 1788.13(d) when Defendant, through its agents and employees, contacted third parties, other than Plaintiff or his spouse, pertaining to the alleged debt.

e). Defendant violated the RFDCPA § 1788.13(j) when Defendant, through its agents and employees, threatened Plaintiff with a lawsuit that was never filed.

f). Defendant violated the RFDCPA § 1788.17 when Defendant, through its agents and employees, continuously failed to comply with the statutory regulations contained within the FDCPA, 15 U.S.C. § 1692 *et seq*.

33. As a consequence of Defendant's foregoing actions, Plaintiff has suffered from stress, anxiety, humiliation, depression and other symptoms and ailments. (See Exhibit E).

**WHEREFORE**, Plaintiff respectfully prays that judgment be entered against the Defendant for the following:

34. Declaratory judgment that the Defendant's conduct violated the FDCPA.

35. Declaratory judgment that the Defendant's conduct violated the RFDCPA.

36. Actual damages.

37. Statutory damages pursuant to the FDCPA, 15 U.S.C. 1692k.

38. Statutory damages pursuant to the RFDCPA, Cal. Civ. 1788.30(b).

39. Costs and reasonable attorney's fees pursuant to the FDCPA, 15 U.S.C. 1692k and the RFDCPA, Cal Civ. 1788.30(c).

40. Any other relief that this court deems to be just and proper.

RESPECTFULLY SUBMITTED,

DATED: June 26, 2008

KROHN & MOSS, LTD.

By: ______________________

Nicholas J. Bontrager
Attorney for Plaintiff

///

///

**DEMAND FOR JURY TRIAL**

PLEASE TAKE NOTICE that Plaintiff, GERARDO BOCCARA, hereby demands trial by jury in this action.

**VERIFICATION OF COMPLAINT AND CERTIFICATION**

STATE OF CALIFORNIA)

Plaintiff, GERARDO BOCCARA, having been first duly sworn and upon oath, deposes and says as follows:

1. I am the Plaintiff in this civil proceeding.
2. I have read the above-entitled civil Complaint prepared by my attorneys and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.
3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification or reversal of existing law.
4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.
5. I have filed this Complaint in good faith and solely for the purposes set forth in it.
6. Each and every exhibit I have provided to my attorneys which has been attached to this Complaint is a true and correct copy of the original.
7. Except for clearly indicated redactions made by my attorneys where appropriate, I have not altered, changed, modified or fabricated these exhibits, except that some of the attached exhibits may contain some of my own handwritten notations.

Pursuant to 28 U.S.C. § 1746(2), I, GERARDO BOCCARA, hereby declare (or certify, verify or state) under penalty of perjury that the foregoing is true and correct.

Dated: 6/24/08

Gerardo Boccara, Plaintiff

**EXHIBIT A**

March 25, 2008

Bridgeport Financial, INC
221 Main Street, Suite 920
San Francisco, CA 94105
To:William Tinsley, Dante Goodwin, Carol Jones, & any and all agents acting on behalf of Bridgeport Financial INC

From: Gerardo Boccara
973 Kraftile Road
Fremont, CA 94536

RE: Harrassing Phone Calls, Contacting Mr. Gerardo Boccara at place of employment or his employers, or any employee that works for his employer, Defamation of Mr. Boccara's Character, Divulging information regarding Mr. Boccara to anyone, accounting of invoices sent to Mr. Boccara

To :William Tinsley, Dante Goodwin, Carol Jones, and Entire Staff and agents of Bridgeport Financial Inc

I am writing in demand of you ceasing and desisting any and all contact of me (Gerardo Boccara) effective immediately. I will no longer accept any harassing phone calls at my place of employment, or on my private telephone. The addressed, any agent acting on behalf of Bridgeport Financial Inc, and the company Bridgeport Financial Inc will cease and desist contacting anyone that works for my place of employment, at any office including the corporate office of Western Career College, or any of my employers effective immediately, with haste and without hesitation from now until eternity.

The company Bridgeport Financial Inc, any agent acting on behalf of Bridgeport Financial Inc, it's employees, and the above addressed will cease and desist any defamation of Mr. Gerardo Boccara's character effective immediately, with haste and without hesitation from now until eternity.

I am also demanding a full accounting of the invoices that have been sent to me at the address you have on file for me because I fully dispute any and all invoices that have been sent to me by your company. If you wish to contact me, it will be solely in writing, and by U.S. Mail.

My last demand is that the addressed, any agent acting on behalf of Bridgeport Financial Inc, and the company Bridgeport Financial Inc will cease and desist the divulging or mention of any information regarding Mr. Gerardo Boccara to anyone effective immediately, with haste and without hesitation from now until eternity

I am hereby putting the addressed ,any agent that is acting on behalf of Bridgeport Financial Inc, and the company Bridgeport Financial on notice that a breach of any of the above demands from now until eternity will result in swift and severe legal action against the addressed, any agent acting on behalfof Bridgeport Financial Inc and the company Bridgeport Financial Inc.

Gerardo Boccara

Cc: EMC-San Leandro Hospital Campus 13855 East 14th Street, San Leandro Ca 94578 Business Office

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Bridgeport Financial Inc, Dante Goodwin
Carol Jones, any agent for Bridgeport Financial
William Tinsley
221 Main Street, Suite 920
San Francisco, Ca 94105

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature X [signature] ☐ Agent ☐ Addressee

B. Received by (Printed Name) [illegible] C. Date of Delivery 3/31/08

D. Is delivery address different from item 1? ☐ Yes
If YES, enter delivery address below: ☐ No

3. Service Type
☐ Certified Mail ☐ Express Mail
☐ Registered ☐ Return Receipt for Merchandise
☐ Insured Mail ☐ C.O.D.

4. Restricted Delivery? (Extra Fee) ☐ Yes

2. Article Number (Transfer from service label) 7007 3020 0000 2046 5671

PS Form 3811, February 2004 Domestic Return Receipt 102595-02-M-1540

---

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Business office
EMC-San Leandro Hospital Campus
13855 E. 14th street
San Leandro, Ca 94578

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature X [signature] ☐ Age[nt] ☐ Add[ressee]

B. Received by (Printed Name) D. Rheinor C. Date of D[elivery] 4/28/08

D. Is delivery address different from item 1? ☐ Yes
If YES, enter delivery address below: ☐ No

3. Service Type
☐ Certified Mail ☐ Express Mail
☐ Registered ☐ Return Receipt for Merch
☐ Insured Mail ☐ C.O.D.

4. Restricted Delivery? (Extra Fee) ☐ Yes

2. Article Number (Transfer from service label) 7007 3020 0000 2046 5664

PS Form 3811, February 2004 Domestic Return Receipt 102595-02

**EXHIBIT B**